IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| HECTOR GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-464-A |
| | § | |
| 8TH AVENUE WINGS, LP, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the joint motion of plaintiff, Hector Garcia ("Garcia"), and defendant, 8th Avenue Wings, LLP ("8th Avenue Wings"), for approval of the settlement of Garcia's Fair Labor Standards Act ("FLSA") claims. Having considered the motion, the brief attached thereto, the agreement, and the applicable authorities, the court finds that the motion should be denied.

I.

Background

On June 12, 2018, Garcia filed a complaint alleging that 8th Avenue Wings, in violation of the FLSA, 29 U.S.C. § 201, et seq., failed to pay him overtime. On November 2, 2018, and November 7, 2018, 8th Avenue Wings and Garcia, respectively, signed a settlement agreement. In the agreement, 8th Avenue Wings agreed to pay Garcia $6,500 as compensation for allegedly unpaid overtime, liquidated damages, and attorney's fees. In exchange,

Garcia agreed to release 8th Avenue Wings from his claims under the FLSA. On December 12, 2018, the parties filed a joint motion for approval of this settlement agreement.

II.

Analysis

A private settlement of a plaintiff's FLSA claims is "an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked . . . ." Martin v. Spring Break '83 Prods., LLC, 688 F.3d 247, 255 (5th Cir. 2012).

The Eleventh Circuit has required the court's approval of a settlement of FLSA claims. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). In such cases, the court must determine whether the agreement is fair and reasonable. Id. The reasonableness inquiry requires the court to reach the merits of the case and determine whether the plaintiff is likely to succeed. See Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir. 1982). But, the Fifth Circuit has held that the court's approval is not required when the settlement agreement occurred within the context of a lawsuit and both parties were represented by counsel. Martin, 688 F.3d at 256 n.10.

Here, the settlement agreement resolves a bona fide dispute as to whether the FLSA entitles Garcia to overtime payments. The agreement occurred within the context of a lawsuit, and both

2

parties were represented by counsel when they signed it. As a result, the agreement is enforceable without the court's approval.

Were the court required to approve the agreement, it would have to conduct a hearing to determine whether the agreement was fair and reasonable, which would incorporate a hearing on the merits. The purpose of settlement is to avoid the time and expense of conducting a trial. Thus, the burdensome process of approving a settlement agreement would defeat the point of settlement.

For these reasons, the court finds that the parties' motion for approval of their settlement agreement should be denied.

Therefore,

The court ORDERS that the joint motion for approval of the above-referenced settlement agreement be, and is hereby, denied.

SIGNED December 14, 2018.

_____
JOHN McBRYDE
United States District Judge